| | |
|---|---|
| CHRISTOPHER W. WOOD (SBN 193955)<br>KELSEY J. FISCHER (SBN 292262)<br>**DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**<br>20 Bicentennial Circle<br>Sacramento, CA 95826<br>Telephone: (916) 379-3500<br>Facsimile: (916) 379-3599<br>*cwood@dbbwlaw.com*<br>*kfischer@dbbwlaw.com*<br><br>JOHN P. KRISTENSEN (SBN 224132)<br>DAVID L. WEISBERG (SBN 211675)<br>**KRISTENSEN WEISBERG, LLP**<br>12304 Santa Monica Boulevard, Suite 100<br>Los Angeles, CA 90025<br>Telephone: (310) 507-7924<br>Facsimile: (310) 507-7906<br>*john@kristensenlaw.com*<br>*david@kristensenlaw.com*<br><br>*Attorneys for Plaintiff and all similarly situated* | JEFFREY A. BACKMAN (*Pro Hac Vice*)<br>Fla. Bar No. 662501<br>RICHARD W. EPSTEIN (*Pro Hac Vice*)<br>Fla. Bar No. 229091<br>**GREENSPOON MARDER, P.A.**<br>200 East Broward Blvd.<br>Suite 1800<br>Fort Lauderdale, FL 33301<br>Telephone: (954) 491-1120<br>Facsimile: (954) 213-0140<br>*jeffrey.backman@gmlaw.com*<br>*richard.epstein@gmlaw.com*<br><br>ROBERT S. BOULTER (SBN 153549)<br>1101 5th Avenue,<br>Suite 235<br>San Rafael, CA 94901<br>Telephone: (415) 233-7100<br>*rsb@boulter-law.com*<br><br>*Attorneys for Defendant Caribbean Cruise Line, Inc.*<br><br>Kenneth C. Mennemeier (SBN 113973)<br>**MENNEMEIER GLASSMAN LLP**<br>980 9th Street, Suite 2190<br>Sacramento, CA 95814<br>Telephone: (916) 553-4000<br>*kcm@mgslaw.com*<br><br>*Attorneys for Defendants Sun Bridge Systems, LLC and The Marketing Source* |

**THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA — SACRAMENTO DIVISION**

| | |
|---|---|
| HOLLY LIVELY, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>CARIBBEAN CRUISE LINES, INC., a Florida Corporation; SUNBRIDGE SYSTEMS, LLC, a Florida Limited Liability Company; THE MARKETING SOURCE, INC., a Florida Corporation; and DOES 3 through 20, inclusive, and each of them,<br><br>    Defendants. | Case No.: 14-cv-00953-JAM-CKD<br><br>**CLASS ACTION**<br><br>**STIPULATION AND [Proposed] ORDER TO TRANSFER VENUE TO THE UNITED STATED DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**<br><br>**[28 U.S.C. § 1404(a)]** |

-1-
**Stipulation and [Proposed] Order to Transfer Venue to the United States District Court for the Southern District of Florida**

**STIPULATION**

Plaintiff Holly Lively ("Plaintiff")[1] and Defendants Caribbean Cruise Line, Inc. ("CCL"), Sun Bridge Systems, LLC ("Sun Bridge"), and The Marketing Source, Inc. ("Marketing Source") (collectively "Defendants"), by and through their respective undersigned counsel, hereby stipulate and agree as follows:

On April 17, 2014, Plaintiff filed the Complaint asserting class action allegations for damages and injunctive relief pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. in the United States District Court, Eastern District of California, naming as a Defendant CCL (the "*Lively* Action") (Dkt. No. 1.).

On January 6, 2015, Plaintiff filed a First Amended Complaint, which included Sun Bridge and Marketing Source as Defendants (Dkt. No. 29.).

On March 18, 2015, Sun Bridge filed a Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. No. 44.).

On April 22, 2015, Plaintiff filed a Motion to Transfer this Matter to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a), (Dkt. No. 47), where a related action (the *Kilpatrick* Action), against different Defendants, presenting similar factual and legal issues, is presently pending. While there are certain different named Defendants, the alleged core conduct here, *i.e.*, the alleged receipt of telephone calls from "Jennifer at Caribbean Cruise Line", makes transfer (and eventual relation and consolidation) in the Southern District of Florida appropriate. Indeed, both actions seek relief on behalf of a nationwide class of individuals alleged to have received the "Jennifer calls" in violation of

---

[1] Plaintiff *Kilpatrick*, the named Plaintiff in the case pending in the Southern District of Florida, *Kilpatrick v. Caribbean Cruise Line, Inc., et al.*, Case No.: 14-cv-61572-BB (S.D. Fla. 2014) (the "*Kilpatrick* Action"), also consents to the relief sought in this Motion and intends to join the parties in seeking consolidation for all purposes before the Honorable Beth Bloom, the presiding judge in the *Kilpatrick* Action. Counsel for *Kilpatrick* and *Lively* have also agreed that once consolidation is effectuated, a Consolidated Class Action Complaint will be filed so that there is only one action moving forward.

**Stipulation and [Proposed] Order to Transfer Venue to the United States District Court for the Southern District of Florida**

the TCPA.[2]  The Motion to Transfer is set for oral argument on June 17, 2015.

Since the filing of the Motion to Transfer, the parties in this action and in the *Kilpatrick* Action have conferred and have agreed that a transfer of the *Lively* Action to the Southern District of Florida, so that it can be consolidated for all purposes into the *Kilpatrick* Action and a Consolidated Class Action Complaint can be filed, is appropriate to avoid duplicative litigation, to further the convenience of the parties and witnesses, and to best serve the interests of justice.[3]  Thus, given the alleged similarities between the two cases, the fact that the same underlying conduct is being challenged, and that some of the Defendants in both cases are alleged to be involved in some fashion, the Parties request that the Court transfer this case to the Southern District of Florida, pursuant to 28 U.S.C. § 1404(a), so it may ultimately be consolidated with the *Kilpatrick* Action.

Dated:  June 4, 2015                              Respectfully submitted,

By:     */s/ John P. Kristensen*

Christopher W. Wood (SBN 193955)
*cwood@dbbwlaw.com*
Kelsey J. Fischer (SBN 292262)
*kfischer@dbbwlaw.com*

---

[2] Compare the current Complaints in each action, copies of which are attached as Composite Exhibit "A" for the Court's convenience.

[3] By joining in Plaintiff's Motion to Transfer, Defendants do not admit or acknowledge the truth or veracity of any of Plaintiff's allegations in either the Amended Complaint or the Motion to Transfer.  In fact, Defendants expressly deny those allegations and have set forth their respective defenses in their respective Motions to Dismiss and/or Answers and Affirmative Defenses.  Nor do Defendants intend to concede that any of the requisite elements set forth in Federal Rule of Civil Procedure 23 are satisfied and nothing contained in this Stipulation or in the Motion to Transfer can be used against Defendants to support any argument for class certification.  The purpose of this Stipulation is to have this case transferred to the Southern District of Florida so that it can be consolidated with a similar case and so that the related proceedings can be coordinated.  The idea is to avoid having Defendants be subject to similar competing putative class actions (to the extent a class is deemed appropriate) throughout the country and to avoid duplicative discovery and other pre-trial proceedings.  Defendants have consented to the Motion to Transfer solely out of convenience and to avoid the time, expense and inconsistencies that could sometimes result from multiple class actions pending in different venues.  Finally, Defendants and Plaintiffs agree that they will seek consolidation before the *Kilpatrick* court, Plaintiffs will file a Consolidated Class Action Complaint and the parties will jointly request the implementation of a reasonable schedule moving forward in a coordinated manner before Judge Bloom in the Southern District of Florida.

**Stipulation and [Proposed] Order to Transfer Venue to the United States District Court for the Southern District of Florida**

**Dreyer Babich Buccola
Wood Campora, LLP**

John P. Kristensen (SBN 224132)
*john@kristensenlaw.com*
David L. Weisberg (SBN 211675)
*david@kristensenlaw.com*
**Kristensen Weisberg, LLP**

*Attorneys for Plaintiff*

Jeffrey A. Backman (*Pro Hac Vice*)
Fla. Bar No. 662501
*Jeffrey.backman@gmlaw.com*
Richard W. Epstein (*Pro Hac Vice*)
FL Bar No. 229091
*richard.epstein@gmlaw.com*
**GREENSPOON MARDER, P.A.**

ROBERT S. BOULTER (SBN 153549)
*rsb@boulter-law.com*

*Attorneys for Defendant Caribbean Cruise Line, Inc.*

Kenneth C. Mennemeier (SBN 113973)
980 9th Street, Suite 2190
Sacramento, CA 95814
Telephone: (916) 553-4000
*kcm@mgslaw.com*
**MENNEMEIER GLASSMAN LLP**

*Attorneys for Defendants Sun Bridge Systems, LLC and The Marketing Source*

**ORDER**

Based on the foregoing, and finding that it is in the interests of justice, IT IS HEBERY ORDERED that this case be transferred to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, pursuant to 28 U.S.C. § 1404(A).

Dated: June 4, 2015

/s/ JOHN A. MENDEZ
HON. JOHN A. MENDEZ

**Stipulation and [Proposed] Order to Transfer Venue to the United States District Court for the Southern District of Florida**